opinion

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JEFFREY NOEM VETA, | )<br>) |
| Petitioner, | )<br>)   No.  CV 05-336-TUC-CKJ |
| vs. | )<br>) |
| MEG SAVAGE, et al., | )   **ORDER**<br>) |
| Respondents. | )<br>) |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254.  Respondents have filed an Answer and Petitioner has filed a Reply.

*Factual and Procedural Background*[1]

In April, 1996, Petitioner Jeffrey Noem Veta ("Veta") was indicted on thirteen counts including seven counts of sexual conduct with a minor.

Veta was extradited from Kentucky.  During an April, 2002, pre-trial conference, Veta's counsel indicated that Veta did not want to waive any speedy trial rights.  However,

---

[1]Veta asserts that Respondents failed to acknowledge that a petition for writ of habeas corpus was filed with the Supreme Court of Arizona and that action was dismissed with instructions to file a petition for special action.  Veta does not dispute the remaining procedural facts.  As the state court findings are entitled to a presumption of correctness and Veta has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts the factual findings made by the Court of Appeals of Arizona and the additional procedural statements as set forth by Veta. *See Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985), and 28 U.S.C. § 2254(e)(1).

counsel suggested a trial date in the first or second week of July.  Trial was scheduled for July 9, 2002, which was beyond the speedy trial requirements of Ariz.R.Crim.P. 8.3(a) and the Interstate Agreement on Detainers ("IAD"), A.R.S. § 31-481.

On June 19, 2002, Veta filed a pro se motion to dismiss pursuant to Rule 8.3(a) and 8.6, Ariz.R.Crim.P.  On June 20, 2002, Veta filed a pro se motion to dismiss pursuant to the IAD.  The trial court denied the motion, stating that counsel's explicit agreement to the trial date constituted a waiver or abandonment of Veta's rights under the IAD.  Veta filed a petition for writ of habeas corpus with the Supreme Court of Arizona; that action was dismissed with instructions to file a petition for special action.  Veta then petitioned for special action to the Court of Appeals of Arizona.  The appellate court declined to accept jurisdiction.  The Supreme Court of Arizona denied Veta's Petition for Review.

Veta also filed a state habeas corpus petition.  The trial court denied relief and Veta appealed to the Court of Appeals of Arizona.  The appellate court affirmed the trial court. The Supreme Court of Arizona denied Veta's Petition for Review.

Trial commenced on April 20, 2004.  On May 3. 2004, Veta was found guilty of continuous child abuse, guilty of involving a minor in a drug offense, and guilty of two counts of sexual conduct with a minor under 15.  Veta was found not guilty of furnishing obscene or harmful items to minor and no verdicts were reached on three counts of sexual conduct with a minor under fifteen.  On July 15, 2004, Veta was sentenced to consecutive, presumptive 20 year terms of imprisonment on Counts 1, 2, 4, and 5.  Veta filed a timely notice of appeal of the judgment and sentence.

On August 20, 2004, Veta filed a Notice of Post-Conviction Relief and, on June 14, 2005, filed a Petition for Post-Conviction Relief raising claims of ineffective assistance of counsel and illegal sentence.  The Court of Appeals stayed the appeal and revested jurisdiction in the trial court for determination of the post-conviction proceeding.  A review of the Court of Appeals of Arizona's website indicates that jurisdiction has returned to the appellate court; briefing has been ordered.

On May 5, 2005, Veta filed a Petition for Writ of Habeas Corpus by a Person in State

Custody Pursuant to 28 U.S.C. § 2254. Veta has presented four claims for relief:

1.      Veta was not brought to trial within the time requirements of the Interstate Agreement on Detainers Act.

2.      Veta's Fifth and Fourteenth Amendment right to due process was violated by the violation of the IAD's speedy trial statutory requirements. Veta was detained and subjected to state process after it should have been known that Veta was entitled to release.

3.      Veta's Fifth and Fourteenth Amendment right to due process was violated by the violation of the Rule 8.3(a), Ariz.R.Crim.P., speedy trial requirements, which supplements the IAD, implicating a separate liberty interest. Veta was detained and subjected to state process after it should have been known that Veta was entitled to release.

4.      Veta's Sixth and Fourteenth Amendment right to effective assistance of counsel was violated by counsel's agreement to trial date past the time limits of Rule 8.3(a), Ariz.R.Crim.P., and the IAD.

Respondents have filed an Answer and Veta has filed a Reply. Veta has also filed a document entitled Supplemental Citations of Legal Authorities to Reply.

*Standard of Review*

Federal courts may consider a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *See Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 271 (1994). Indeed, a habeas corpus petition by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Moreover, this Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

- 3 -

1    U.S.C. § 2244..

2

3    *Statute of Limitations*

4           Under the AEDPA, a state  prisoner must generally file a petition for writ of habeas

5    corpus within one year from the latest of:

6           (1) the date on which the judgment became final by the conclusion of direct review
            or the expiration of the time for seeking such review;
7           (2) the date on which the impediment to filing an application created by State action
            in violation of the Constitution or laws of the United States is removed, if the
8           applicant was prevented from filing by such State action;
            (3) the date on which the constitutional right asserted was initially recognized by the
9           Supreme Court, if the right has been newly recognized by the Supreme Court and
            made retroactively applicable to cases on collateral review; or
10          (4) the date on which the factual predicate of the claim or claims presented could have
            been discovered through the exercise of due diligence.
11

12   28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  The latest

13   applicable date, in this case, is the date upon which Veta's judgment became final or the

14   expiration of time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Here, Veta has

15   not completed his state review process.  This petition, therefore, is not untimely.

16

17   *Exhaustion of State Remedies*

18          Before a federal court may review a petitioner's claims on the merits, a petitioner

19   must exhaust his state remedies, i.e., have presented in state court every claim raised in

20   the federal habeas petition.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct.

21   2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct.

22   1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must

23   exhaust his claims in the state courts "by invoking one complete round of the State's

24   established appellate review process" before he may submit those claims in a federal

25   habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).  Exhaustion

26   of state remedies is required in order to give the "State the opportunity to pass upon and

27   correct alleged violations of its prisoners' federal rights . . . To provide the State with the

28   necessary opportunity, the prisoner must fairly present his claim in each appropriate state

                                        - 4 -

court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations omitted*.

A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle. The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for

his claim), *cert. denied*, 52 U.S. 1087.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. Following *Baldwin*, the Ninth Circuit Court of Appeals has stated that "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *quoting Swoopes*, 196 F.3d at 1010). Veta presented his first three claims to the trial court, the court of appeals, and tried to submit them to the supreme court. The Court finds those claims have been fairly presented to the state courts. However, in addressing Veta's presentation of his claim of ineffective assistance of counsel, the Court of Appeals of Arizona stated:

> We do not address Veta's claims that his attorney's waiver constituted ineffective assistance of counsel. Under *State v. Spreitz*, 202 Ariz. 1, ¶9, 39 P.3d 525, ¶9 (2002), the merits of such claims can be addressed only in proceedings brought under Rule 32, Ariz.R.Crim.P., 17 A.R.S.

Court of Appeals Memorandum Decision, p. 7, n. 2. In other words, the Arizona Court of Appeals refused to consider this claim on procedural grounds. Veta failed to present this claim to the state courts in a procedurally appropriate manner prior to filing the instant petition, and the state courts' refusal to address the issue rests on an independent and adequate state procedural ground. *Coleman*, 501 U.S. at 729-30; *see also Stewart v. Smith*, 536 U.S. 856, 860, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (finding Rule 32.2(a)(3) determinations independent of federal law). Indeed, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The Court finds, therefore, that Veta's claim of ineffective assistance of counsel is not exhausted.

Respondents assert that dismissal of the Petition is required. *Roettgen* (where relief could be sought in state courts, dismissal is appropriate); *Tellema v. Long*, 253 F.3d 494, 501 (9th Cir. 2001) (prisoner simultaneously pursuing state post-conviction proceedings and federal habeas proceedings might render federal proceeding unnecessary). However, "stay

and abeyance" procedure as a method of preserving a petitioner's habeas rights is appropriate where there is good cause for failure to exhaust all claims before raising them in the habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). If there is good cause, it may be an abuse of discretion to deny a stay and abeyance where there is no indication of intentional dilatory tactics. *Id*. at 278. Moreover, a stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. *Id*. at 277. Veta asserts that he need not show good cause because his claims have been exhausted. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813, 161 L.Ed.2d 669 (2005). Similarly, Veta's reasonable confusion about whether his claims had been exhausted constitutes good cause. Further, the Court does not find that Veta has used intentional dilatory tactics and does not find that the claims are plainly meritless. The Court will stay this matter pending resolution of the state court proceedings.

*Rule 60(a),(b)(6) Motion*

Veta asserts that the Court did not adequately state his third claim in the Court's June 6, 2005, Order. However, "[a]rguments that the court was in error on the issues it considered should generally be directed to the Court of Appeals." *United States v. Rezzonico* 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998), *citing Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill. 1983). However, to the extent that Veta's motion clarifies Veta's claim, the motion will be granted.

*Motion to Expedite Ruling*

The Court having determined that this matter should be stayed, the motion to expedite ruling will be denied.

Accordingly, IT IS ORDERED:

1.     The Motion for Reconsideration [Doc. # 11] is GRANTED IN PART.

- 7 -

2.      The Motion to Expedite Ruling [Doc. # 16] is DENIED.

3.      This action is STAYED pending resolution of the state proceedings.

4.      Veta shall file any supplemental pleading within forty (40) days of resolution of the state court post-conviction proceedings.

5.      Respondents shall file any supplemental response within forty (40) days of Veta's supplemental pleading.  Should Veta not file any timely supplemental pleading, Respondents shall notify the Court that the state post-conviction proceedings have been resolved.

DATED this 2nd day of October, 2006.


_____
Cindy K. Jorgenson
United States District Judge